1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11   DANNY LASTER,                           )   Case No. 1:11-cv-2091 LJO GSA
                                             )
12                      Plaintiff,           )
                                             )
13        vs.                                )   ORDER DECLINING TO ADOPT
                                             )   THE PARTIES' STIPULATION
14   BLACK AND DECKER (U.S) INC.,            )
     and DOES 1 to 50,                       )
15                                           )
                                             )
16                      Defendants,          )   (Doc. 12)
                                             )
17   _____        )

18

19        The parties filed a stipulation on October 4, 2012, agreeing to a modification of this

20   Court's Scheduling Order. (Doc. 11).   The Court has reviewed the stipulation and declines to

21   adopt it at the present time for the following reasons.

22        In the stipulation, the parties indicate a desire to move the non-expert and expert

23   discovery deadlines, however, they have given no explanation to justify the change.  Fed.R.Civ.P.

24   16(b)(2) and (3) requires district courts to enter scheduling orders to establish deadlines for,

25   among other things, "to file motions" and "to complete discovery."   A modification of the

26   scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  Scheduling orders

27   "are at the heart of case management," Koplve v. Ford Motor Co., 795 F.2d 15, 18 (3rd

28   Cir.1986), and are intended to alleviate case management problems. Johnson v. Mammoth

     Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992).  As such, a scheduling order "is not a

1   frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Id. at

2   610.  Here, the parties have not met the good cause standard, nor have they established the

3   requisite due diligence.

4        Moreover, the stipulation does not address the fact that movement of the discovery dates

5   will impact all of the other dates in the scheduling order.  As such, any amended stipulation must

6   address the good cause standard, as well as provide proposed dates for any other

7   deadlines/hearings that are affected by the modification.  Counsel should examine the scheduling

8   order issued on February 23, 2012, as a guide to estimate the required time allotted between

9   dates.

10

11

12        IT IS SO ORDERED.

13        **Dated:    October 10, 2012**                    **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28