Nathan S. Miller, SBN#240278
Nate@Millerandayala.com
**MILLER & AYALA, LLP**
191 W. Shaw Avenue, Suite 102
Fresno, California 93704
Telephone:  (559) 222-6622
Facsimile:  (559) 222-6626

Attorneys for Plaintiff:
**DANNY LASTER**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DANNY LASTER,<br><br>  Plaintiff,<br><br>v.<br><br>BLACK & DECKER (U.S.) INC., HOME DEPOT U.S.A., INC. and Does 1 through 50,<br><br>  Defendants. | Case No.: 1:11-CV-02091-LJO-GSA<br><br>PLAINTIFFS NOTICE OF MOTION FOR AN ORDER EXTENDING EXPERT WITNESS DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF NATHAN MILLER IN SUPPORT THEREOF; [PROPOSED] ORDER<br><br>Date: February 1, 2013<br>Time: 9:30 a.m.<br>Dept: 10 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 1, 2012, at 9:30 a.m. in Department 10 of the above-entitled court located at 2500 Tulare Street in Fresno, California, Plaintiff, Danny Laster (hereinafter, "Plaintiff") will hereby move this Court for an order extending expert witness discovery.

///

///

///

---

1
MOTION TO EXTEND EXPERT WITNESS DISCOVERY; DECLARATION OF NATHAN S. MILLER; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED ORDER]

1 | This motion is based upon this notice, the memorandum of points and authorities in support
2 | thereof, and the Declaration of Nathan Miller.

Dated: January 3, 2012

**MILLER & AYALA, LLP**

By: _____
Nathan S. Miller
Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Plaintiff, Danny Laster, hereby moves this court for an order extending the discovery deadlines for expert witness discovery pursuant to Federal Rules of Civil Procedure 6(b). This is a product liability action in which Plaintiff was injured while using a 1701 TYI Black and Decker 10" Miter Saw on July 10, 2009. Plaintiff contends that the defendants carelessly, negligently and/or recklessly maintained, designed, and/or otherwise failed to inspect, repair and/or adjust the subject miter saw and blade guard and that defendants failed to properly install the blade guard without serious safety defects. Plaintiff also contends that the subject miter saw was defectively designed, manufactured and distributed by defendants. Further plaintiff contends that defendants had a duty to warn of the dangers that would result from the serious safety defects.

On October 12, 2012, this court entered an order setting forth discovery deadlines that incorporated staggered expert witness disclosures. (Declaration of Nathan Miller, Paragraph  ). The order set Plaintiff's expert witness disclosure for December 14, 2012 and Defendants' expert witness disclosure for January 18, 2013. (Declaration of Nathan Miller, Paragraph  ).

On December 14, 2012, Plaintiff served his expert disclosure which identified his retained experts, Dr. Michael Azevedo, M.D. and Carl Sheriff, P.E. and included their curriculum vitae and the areas they would be testifying. (Declaration of Nathan Miller, Paragraph  ) Because of Plaintiff's counsel's trial calendar and other factors, Plaintiff was unable to obtain reports from his experts at the time of the disclosure on the 14th. (Declaration of Nathan S. Miller, Paragraph ).

In order to avoid the Plaintiff being prejudiced by having his expert witness opinions excluded, Plaintiff requests that this court extend the expert witness discovery deadlines for a period of no more than 30 days.

## II.
## ARGUMENT

**A. THIS COURT HAS THE AUTHORITY UNDER RULE 6(B) TO EXTEND THE EXPERT WITNESS DISCOVERY DEADLINES.**

Pursuant to Federal Rules of Civil Procedure 6 (B) the court may extend a deadline as

follows:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Furthermore, In order to establish excusable neglect, moving party must show both good faith and reasonable basis for not acting within specified period. *Allstate Ins. Co. v Administratia Asigurarilor De Stat (1995, SD NY) 163 FRD 196.* Party seeking enlargement of time under Rule 6 must demonstrate good faith and reasonable basis for noncompliance with time limit specified in rules since mere inadvertence will not support finding of excusable neglect; in determining whether to grant motion under Rule 6, court will consider whether allowing enlargement of time would prejudice opposing party. *Cornelius v La Croix (1986, ED Wis) 631 F Supp 610, affd in part and revd in part on other grounds (1988, CA7 Wis) 838 F2d 207.*

In the case at hand, not only was Plaintiff's expert witness designations due during the most difficult and busiest time of year, between the Thanksgiving and Christmas holidays, but Plaintiff's counsel had five trials that Plaintiff's counsel was forced to spend all of his time preparing for. (Declaration of Nathan Miller, Paragraph 5). Furthermore, Plaintiff's expert witnesses were also busy preparing and planning for trips that they were taking over the Christmas holiday. Carl Sheriff, P.E. was in Australia until January 3, 2012 and Plaintiff's expert Dr. Michael Azevedo was in Pennsylvania until January 4, 2012. (Declaration of Nathan Miller, Paragraphs 3 and 5) In addition, as of December 14, 2012, Plaintiff was still unable to confirm the full amount of the medical expenses incurred as a result of this accident which would have made Dr. Azevedo's report incomplete. (Declaration of Nathan Miller, Paragraph 6) As a result, it was nearly impossible for Plaintiff's counsel to meet and confer with Plaintiff's expert regarding this case prior to and immediately following December 14, 2012.

In addition, Plaintiff has always acted in good faith. Plaintiff not only provided a disclosure

of the experts, the issues they would be testifying to and their curriculum vitae, but Plaintiff has also made every attempt to work with Defendants in providing the reports prior to the Defendants required disclosures and prior to taking the deposition of Plaintiffs experts. (Declaration of Nathan Miller, Paragraph 9) Further, Plaintiff has made every attempt to obtain the reports as soon as possible and it is believed that the written opinions will be provided to the Defendants before this matter is heard on January 11, 2013 and before Defendants' motion is heard on the same date. (Declaration of Nathan Miller, Paragraph 5) Thus, the only remaining issue will be what date the Defendants will depose Plaintiff's experts if they choose to do so. Thus, in order to ensure that Defendants will be allowed to review Plaintiff's expert opinions prior to deposing Plaintiff's experts and prior making their disclosures, Plaintiff is asking for a continuance of no more than 30 days. Quite possibly, if the Defendants are willing to agree, Plaintiff would agree to move Defendants' disclosure to January 28, 2013, and agree to depose Defendants experts within the following three days, which would be prior to the close of expert witnesses discovery. Under this scenario, the only date the court would have to change is the date that Defendants' are required to disclose their experts. This would also give the Defendants nearly three weeks extra within which to evaluate Plaintiff's expert reports and to depose Plaintiff's two experts.

Because the written opinions will be produced prior to the date set for the Defendants' disclosures, and within a period of time within which Defendants can depose the Plaintiffs' experts prior to Defendants' disclosures, the Defendants will not suffer any prejudice.

### III.
### CONCLUSION

For all the reasons set forth above, Plaintiff respectfully request that his motion to extend the expert witness discovery be granted.

January 3, 2012

_____
Nathan S. Miller
Attorney for Plaintiff

# DECLARATION OF NATHAN MILLER IN SUPPORT OF MOTION TO EXTEND EXPERT WITNESS DISCOVERY

1. I am an attorney licensed to practice law in the State of California and a partner at Miller & Ayala, LLP, counsel for Plaintiff.

2. I have personal knowledge of each of the matters stated in this declaration and if called upon to testify to any of these matters, I can do so in truthful and competent manner.

3. On or about December 14, 2012, my office mailed to Defendants, Plaintiff's disclosure of his expert witnesses, Dr. Michael Azevado and Carl Sheriff, P.E. On December 14, 2012, I was unable to provide Defendants with the opinions of Dr. Azevado and Carl Sheriff because the written opinions were not ready as of December 14, 2012. Upon being contacted by Defendants' counsel, on or about December 19, 2012, I informed Defendants' counsel that I would be able to provide the reports no later than January 15, 2013. I also informed Defendants' counsel that I just learned that Carl Sheriff was in Australia and was not returning from Australia until January 8, 2013. As of January 3, 2013, I was advised that Carl Sheriff returned from Australia on January 3, 2013. I also informed Defendants' counsel that I would agree to continue Defendants' disclosure of expert witnesses until Defendants had an opportunity to review Plaintiff's experts' written opinions and to depose Plaintiff's expert witnesses.

4. In follow up to my conversation with Defendants' counsel I drafted a proposed stipulation extending the Expert Witness Discovery deadlines. Unfortunately, Defendants' counsel represented that he could not get authority to sign the stipulation and would instead be moving to exclude the opinions of Plaintiff's expert witnesses.

5. Due to my trial calendar in November and December I was unable to effectively communicate with my experts and provide them with the necessary information to complete their reports. In the months of November and December I had to prepare for five trials. RRG v. King 888, Fresno Superior Court Case No. 11CECG00782; Vasques v. Bazarr, Fresno Superior Court Case No. 10CECG02385; Frye v. Scott, Fresno Superior Court Case No. 11CECG02386; Banks v. Rossi, Madera Superior Court Case No. MCV055830; and Gural v. Gracia, San Mateo Superior Court Case No. CIV510052. In addition to extensively preparing for each of these trials, I was out

of the office for several days over Thanksgiving and had a pre planned vacation over Christmas for approximately two weeks at which time I was not in the office. To further complicate matters, based on information and belief, Dr. Azavedo was in Pennsylvania over the Christmas and New Years Holiday and won't be returning until January 4, 2013. Dr. Azavedo has assured me that he will have a written report prepared for me no later than January 10, 2013. Based on information and belief, Carl Sheriff was in Australia over the Christmas and New Years holidays and did not return until January 3, 2013. Carl Sheriff has assured me that he will provide me with a written report no later than January 10, 2013.

6. In addition to the above, as of December 14, 2012, I still had not been able to confirm the exact amount of medical expenses incurred by Mr. Laster. Because Dr. Azavedo needs to know what the medical expenses incurred by Mr. Laster were, in order to provide an opinion on whether or not they were reasonable and necessary, even if my trial calendar was not as burdensome as it was, it would have still made it nearly impossible for Dr. Azavedo to prepare his report.

7. Defendants' counsel, Neil Kliebenstein, has informed me that he will stipulate to my motion to the court for an order shortening time for hearing on Plaintiff's motion.

8. The parties have agreed to stipulate to the following schedule for their respective motions: Moving papers to be served by mail or facsimile by 5pm on January 4, 2013. Opposition to be served by email or facsimile by 5pm on January 7, 2013. Neither party will be filing a Reply. The parties request that the court hear their respective motions on the first available hearing date after filing the above papers, which would be January 11, 2013 at 9:30 am.

9. In addition, Plaintiff has always acted in good faith. Plaintiff not only provided a disclosure of the experts, the issues they would be testifying to and their curriculum vitae, but Plaintiff has also made every attempt to work with Defendants in providing the reports prior to the Defendants required disclosures and prior to taking the deposition of Plaintiffs experts.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 3, 2013, at Fresno, California.

_____
Nathan S. Miller

Nathan S. Miller, SBN#240278
Nate@Millerandayala.com
**MILLER & AYALA, LLP**
191 W. Shaw Avenue, Suite 102
Fresno, California 93704
Telephone:   (559) 222-6622
Facsimile:    (559) 222-6626

Attorneys for Plaintiff:
**DANNY LASTER**

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| DANNY LASTER,<br><br>         Plaintiff,<br><br>   v.<br><br>BLACK & DECKER (U.S.) INC., HOME DEPOT U.S.A., INC. and Does 1 through 50,<br><br>         Defendants. | Case No.: 1:11-CV-02091-LJO-GSA<br><br>ORDER GRANTING PLAINTIFFS MOTION TO EXTEND DISCOVERY FOR EXPERT WITNESSES |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

The Court, having received and reviewed Plaintiff's Motion to Extend The Expert Witness Discovery Deadlines, and having found good cause, hereby grants Plaintiff's Motion to Extend Expert Witness Discovery. Plaintiff shall be required to immediately provide the written reports of his experts no later than January 11, 2013. Defendants' expert witness disclosure shall be extended

///

///

///

---

1
ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND EXPERT WITNESS DISCOVERY

from January 18, 2013 until _____. The closure of Expert Witness Discovery will be moved from January 31, 2013 to _____.

IT IS ORDERED.

Dated: January ___, 2013

_____<br>UNITED STATES MAGISTRATE JUDGE