# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LASTER,<br><br>          Plaintiff,<br><br>     v.<br><br>BLACK and DECKER INC. and HOME DEPOT INC.,<br><br>          Defendants. | 1:11-cv-2091 LJO GSA<br><br>ORDER DENYING MOTION TO EXCLUDE EXPERT OPINIONS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE EXPERT DISCOVERY DEADLINES<br><br>(Documents 18, 21 and 23) |

**INTRODUCTION**

On January 2, 2013, Defendants Black and Decker Inc. and Home Depot U.S.A. Inc. ("Defendants") filed a Motion to Exclude Plaintiff, Danny Lester's ("Plaintiff") Expert Opinions. (Doc. 18). Defendant filed a Motion to Hear the Matter on Shortened Time. (Doc. 22).

On January 4, 2013, Plaintiff filed on opposition to Defendants' Motion, as well as a Motion for a Thirty Day Extension of Time for the Filing of Expert Witness Discovery ( "Motion for Extension of Time"). (Docs. 21 and 24). Plaintiff also filed a Motion to Hear the Matter on Shortened Time which the Court granted. (Doc. 22 and 26). On January 7, 2013, Defendants

1

1  filed an opposition to Plaintiff's Motion for Extension of Time. (Doc. 25). The hearings for
2  both motions were to be held on January 11, 2013, at 9:30. (Docs. 20 and 26).
3        On January 8, 2013, the Court determined that the matters were suitable for decision
4  without oral argument and the hearings were vacated. (Doc. 26). The Court has considered all of
5  the pleadings in both matters. Upon a review, Defendants' Motion to Exclude the Expert
6  Opinions is DENIED. Plaintiff's Motion to Extend the Filing fo Expert Witness Discovery is
7  GRANTED.

**BACKGROUND**

9   This is a products liability/design defect action in which Plaintiff was injured while using
10  a 1701 TYI Black and Decker 10' Milter Saw on July 10, 2009. This case was removed by
11  Defendants on December 19, 2011. (Doc. 1). On February 23, 2012, this Court issued its first
12  scheduling order setting forth various deadlines in this case. (Doc. 11). Pursuant to that order,
13  expert disclosures were due November 1, 2012.
14     On October 4, 2012, the parties filed a stipulation to expend non-expert discovery, as well
15  as the expert discovery deadline. (Doc. 12). The Court declined to adopt this stipulation. (Doc.
16  13). The parties submitted an amended stipulation, which the Court adopted in part on October
17  12, 2012. (Doc. 15). In the stipulation, the parties agreed on the following schedule :

18   Disclosure of Plaintiff's Experts: December 14, 2012
19   Deposition of Plaintiff's Experts: no later than December 31, 2012
20   Disclosure of Defendant's Experts: January 18, 2013
21   Deposition of Defendant's Experts : no later than January 31, 2013
22   Expert Discovery : February 22, 2013
23   Pretrial Motions : March 1, 2013
24   Hearing on Pretrial Motions : March 29, 2013
25   Pretrial Conference : April 23, 2013
26   Trial : June 4, 2013 before District Court Judge Lawrence O'Neill
27   Defendants bring the instant motion because on December 14, 2012, Plaintiff served his
28  expert disclosure identifying retained experts Michael Azevedo, M.D. and Carl Sheriff, P.E.

However, the disclosure only contained a general description of the subject matter of each expert's testimony, their resumes, and fee schedules. The disclosure did not contain a written report from either expert. As such, the experts' disclosures do not comply with Federal Rule 26(a)(2). Defendants request exclusion of the expert opinions pursuant to Fed. R. Civ. P 37(c)(1) on the basis that the untimely disclosure has prejudiced them given the other deadlines in the case. Specifically, they argue the parties agreed to stagger disclosure so that Defendant could more adequately respond to Plaintiff's expert opinions. Now, Defendants contend they are precluded from the ability to address Plaintiff's expert opinions in their own expert reports that are due on January 18, 2013. This non-compliance with Rule 26(a) has placed them at a disadvantage that cannot be rectified. Defendants have requested exclusion of the expert, or in the alternative, that Plaintiff be ordered to produce the opinions immediately, and the other deadlines in this case be extended.

In Plaintiff's opposition to Defendant's motion, and in his Motion for an Extension of Time, Plaintiff's counsel acknowledges that disclosures were not complete. However, he indicates that the incomplete disclosure was because he had five trials which prevented his ability to obtain the expert reports. Moreover, he and the experts had planned trips over the Christmas holiday which prevented the ability to get the opinions completed. Finally, as of December 14, 2012, Plaintiff was unable to confirm the full amount of the medical expenses incurred as a result of this accident, which would have made Dr. Azevedo's report incomplete. Consequently, counsel was unable to meaningful meet and confer with this expert. Plaintiff counsel alleges his actions were not taken in bad faith as evidenced by the fact that he attempted to work with opposing counsel by sending the information readily available. He anticipates the reports will be completed by January 11, 2013. Plaintiff will also make the experts available for the taking of their depositions at the Defendants' convenience.

In reply, Defendants argue that Plaintiff's excuses for his failure to comply with the disclosure rules do not constitute excusable neglect. Moreover, if Plaintiff was not able to complete the reports, he should have filed a motion to extend the dates prior to the expiration of the deadlines. As of the date of the filing of the reply on January 7, 2013, Defendants had

received Carl Sherriff's opinion, but not Dr. Azevedo's opinion. Defendants contend they are prejudiced because they will not have ample time to review the substance of the reports before completing their expert disclosures.

**DISCUSSION**

Rule 26(a)(2)(B) provides that "unless stipulated or ordered by the court [the disclosure of the identity of expert witnesses pursuant to Rule 26(a)(2)(A)] must be accompanied by a written report. Fed. R.Civ. P. 26(a)(2)(B). The report shall contain, among other things, a "complete statement of all opinions to be expressed and the basis and reasons for them" and the data or other information considered by the witness in forming the opinions. F.R. Civ. P. 26(a)(2)(B). A party who fails to properly disclose its experts and their reports may be barred from using any of the expert's direct testimony unless there was "substantial justification" for the failure to disclose or the failure was "harmless." Fed. R.Civ.Proc. 37(c)(1).

In determining whether this action should be imposed, the burden is on the party facing the sanction to prove harmlessness. Torres v. City of Los Angeles, 548 F. 3d 1197 (9th Cir. 2008) (quoting, Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir 2001)). The Ninth Circuit Court of Appeals gives wide latitude to a district court's exercise of discretion to issue sanctions for failure to disclose an expert. Yeti, 259 F. 3d at 1106

Some courts have held that when considering whether to exclude the expert testimony, the court should examine: (1) the explanation, if any, for the failure to disclose; (2) prejudice to the opposing party; (3) the potential for curing the breach by granting a continuance; and (4) the importance of the testimony. See Barett v. Atlantic Richfield Co. 95 F.3d 375, 380 (5th Cir. 1996); Sierra Club Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F. 3d 546, 572 (5th Cir. 1996); cert. denied, 519 U.S. 811, 117 S. Ct. 57 (1996).

In this case, although Plaintiff's counsel has timely failed to comply with the Rule 26 disclosures, exclusion of the expert opinions would be too harsh given the procedural posture of the case. This is especially true because, although the parties stipulated to a staggered expert discovery disclosure deadline, setting these deadlines is not the standard practice of this Court. Moreover, the expert discovery deadline is not until February 22, 2013. Although the Court is

not pleased that Plaintiff's counsel did not meet his discovery obligations and failed to timely file a motion to extend the deadlines, there is a strong presumption in favor of resolving actions on the merits. Finally, exclusion of evidence based on discovery violations is generally improper absent undue prejudice to the opposing side. Wendt v. Host International, Inc., 125 F.3d 806, 814 (9th Cir. 1997). Here, Plaintiff's reliance on this expert is a crucial element of his case. Accordingly, it is appropriate to fashion a remedy that will minimize the prejudice to Defendant and render the failure to disclose harmless.

Although it is not entirely clear, appears that there is only one expert report that was not completed at the time Defendants' opposition was filed. Plaintiff shall produce any remaining expert opinions no later than **January 25, 2013**, if he has not already done so. The parties are directed to meet and confer and establish new dates that will permit Defendants an opportunity to complete their expert disclosures and expert discovery. The stipulated dates shall be submitted to the Court for approval no later than **January 25, 2013.** Counsel shall examine the amended scheduling order issued on October 12, 2012 (Doc. 15), as a guide to estimate the required time allotted between the new proposed dates. If the trial dates needs to be modified, counsel are advised that Judge O'Neill begins trials on Tuesday mornings at 8:30.

Although the Court has excused Plaintiff's counsel's non-compliance in this instance, he is reminded that the Court expects compliance with its orders. Future failure to comply with this Court's orders, the Federal Rules of Civil Procedures, or the Local Rules may result in the imposition of sanctions.

**ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1) Defendants' Motion to Exclude the Opinions of Plaintiff's Experts, is DENIED (Docs. 18 and 23); and

2) Plaintiff's Motion to Extend Expert Witness Discovery GRANTED. (Doc. 21). If he has not already done so, Plaintiff's counsel shall produce any remaining expert opinions no later than **January 25, 2013.** The parties shall meet and

confer and set new deadlines for an amended scheduling order consistent with the instructions outlined above no later than **January 25, 2013.**

IT IS SO ORDERED.

Dated: **January 16, 2013**            /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE